NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

## THEODORE KOELLHOFFER, PETITIONER, v, JERRY HURLEY, RESPONDENT.

**Alleged Intoxication—Respondent Claims the Petitioner Was Warned Not To Go On Scaffold—Petitioner Denies Such Warning—Admits Only Two Drinks—Intoxication Must Be Proved.**

For the petitioner, *William N. Becker.*

For the respondent, *Jerry Hurley, per se.*

\*     \*     \*     \*     \*     \*     \*

Petitioner on the 4th day of September, 1922, while in the employ of the respondent, met with an accident arising out of and in the course of the employment. From the testimony of the petitioner, it appears that while the petitioner was reaching to measure a cement building block on the building being erected by the respondent on Connolly avenue, Jersey City, New Jersey, and while the petitioner was in the act of stepping backward, he alleges that he slipped on some hard substance, possibly a piece of building block, and fell to the ground for a distance of about twelve feet, sustaining permanent injuries consisting of a fracture of the neck of the femur of the left leg.

9. From the testimony of the respondent he stated that, on the morning that the accident occurred, he warned the petitioner that he should not go to work that day, for the reason that the petitioner was intoxicated and unsteady, and further stated that he attempted to prevent the petitioner from climbing the ladder leading to the scaffold from whence he fell, but that the petitioner disregarded the respondent's warning, proceeded to climb the ladder and fell from the scaffold erected on the premises used in the construction of the building.

10. The testimony of the petitioner was that, on the morning of September 4th, 1922, he arrived on the premises to work, and that the only person on the job at said time was a laborer, and that the respondent was not on the premises at any time prior to the accident, and the injuries sustained by him, which is in contradiction to the testimony of the respondent, that he was on the premises and warned the petitioner not to preceed to work. This brings this fact to a question of veracity between the petitioner and respondent and to a direct issue. One or the other must be believed. There cannot be any compromise. The respondent was either there, or he was not there at all. The testimony was very limited.

11. There was some testimony introduced in behalf of the respondent by a Mr. Kasner, a brother-in-law of the respondent, who stated that he warned the respondent not to allow the petitioner to proceed to work, due to the fact that he was intoxicated and unsteady, and that he was apt to injure himself. This testimony is hearsay, nothing having been spoken thereof in the presence of the petitioner, and, owing to the relationship of Mr. Kasner to the respondent, I do not think the testimony should be given much weight, also the testimony of a Mr. Gold, an employe of the respondent, was introduhed in behalf of the respondent, who stated that he arrived on the premises after the petitioner had fallen from the scaffold, and sustained the injuries he is now suffering from, and he further stated that he was at that time informed that the petitioner was intoxicated, and, due to this condition, had fallen from the scaffold. Part of this testimony is irrelevant and immaterial, and the other part is hearsay testimony.

12. The petitioner is a large, heavy-built man, and admitted that he had taken two drinks in Newark the morning of the accident, before proceeding to Jersey City to work. It is common knowledge that many workmen engaged in manual work can take a drink or two and not suffer therefrom, and it is also common knowledge that two drinks for

men of the petitioner's type will not affect them. Intoxication must be proved, and that the intoxication of the petitioner was the direct and proximate cause of the injuries suffered by him. The petitioner was taken directly from the scene of the accident to the Jersey City Hospital, and if the petitioner had been intoxicated, his condition would have been noticed by the physician in charge, upon his admission to the hospital. Such evidence was not introduced.

\*        \*        \*        \*        \*        \*        \*

HARRY J. GOAS,
*Deputy Commissioner.*